IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| MATTHEW RAAP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 17-MC-3001 |
| | ) | Underlying Case No. 16-cv-1690 |
| BRIER & THORN, INC., | ) | pending in the United States |
| | ) | District Court for the Eastern |
| Defendant. | ) | District of Wisconsin (the |
| | ) | Underlying Action) |

**OPINION**

**SUE E. MYERSCOUGH, U.S. District Judge.**

This cause is before the Court on Bank of Springfield's Motion to Quash Subpoena Pursuant to Federal Rule of Civil Procedure 45 (d/e 1). Because the subpoena compels compliance at a location more than 100 miles from where Bank of Springfield is located or regularly transacts business and is unduly burdensome, the Motion is GRANTED.

**I. BACKGROUND**

On or about May 3, 2017, Matthew Raap, the plaintiff in the above-captioned matter in Wisconsin (the Underlying Litigation), served a subpoena to produce documents on the Bank of

Springfield.  The subpoena was directed to Tom Marantz, Bank of Springfield's Chief Executive Officer, in Springfield, Illinois.  The subpoena commanded the production of the following:

> All documents reflecting your relationship with Brier & Thorn including, but not limited to, all emails, texts, messaging, memos, notes, letters, proposals, invoices, bills, payment records, purchase orders, correspondence, summaries, evaluations, assessments, reviews, accou[n]ting records, and all other communications or documents reflecting your involvement with Brier & Thorn and/or the work it performed for your company.

Mot., Ex. 1 (d/e 1) (the subpoena was issued by the United States District Court for the Eastern District of Wisconsin).  The subpoena directed Bank of Springfield to produce the documents on or before May 19, 2017 at 3:00 p.m. to Krystal Williams-Oby at 1402 Pankratz Street, Suite 103, Madison Wisconsin 53704.

The above-captioned matter involves a suit by a former employee of Brier & Thorn, Inc. (Brier & Thorn), an IT risk management firm.  See Raap v. Brier & Thorn, Inc., United States District Court, Eastern District of Wisconsin, Case No. 2:16-cv-01690-JPS, Compl. (d/e 1) (alleging a Title VII claim and pendent state law claims for quantum meruit and unjust enrichment).  Plaintiff alleges that Brier & Thorn terminated him because of his

Christian faith, for sharing his Christian faith with others on his personal Facebook page, and for openly discussing his faith with business associates. A motion for a protective order barring non-party subpoenas filed by Brier & Thorn is pending in the Underlying Litigation. See id., Mot. (d/e 13) (filed May 17, 2017).

On May 17, 2017, Bank of Springfield filed the Motion to Quash at issue herein. Plaintiff has not filed a response. Therefore, the Court presumes Plaintiff has no objection to the motion. CDIL-LR 7.1(B)(2) ("If no response is timely filed, the presiding judge will presume there is no opposition to the motion and may rule without further notice to the parties.").

## II. THE MOTION TO QUASH

The Motion to Quash contains the following allegations, supported by the affidavit of Lynn P. Bandy, the Senior Vice President and Chief Operations Officer of Bank of Springfield. See Motion, Bandy Aff., Ex. 2 (d/e 1).

Bank of Springfield is an Illinois banking institution with its principal place of business in Springfield, Illinois. Bandy Aff. ¶ 2. Bank of Springfield does not regularly transact business within 100 miles of Milwaukee, Wisconsin, where the Underlying

Litigation is pending, or within 100 miles of Madison, Wisconsin, where compliance is commanded by the subpoena. Id. ¶ 3. Bank of Springfield's branch location closest to Wisconsin is in Springfield, Illinois. Id. ¶ 2.

Bank of Springfield contracted with the defendant in the Underlying Lawsuit, Brier & Thorn, a San Diego, California, based company. Id. ¶ 4. Under the contract, Brier & Thorn provided annual penetration testing of Bank of Springfield's externally-facing internet servers and internal network to identify vulnerabilities in the environment that could be exploited by threats from the Internet and from inside the network. Id. ¶ 4. Bank of Springfield contends that the broad nature of the documents sought by the subpoena includes certain protected matter, including the confidential results of the testing and other protected bank information, as well as the correspondence related to said testing and results. Id. ¶ 5.

Bank of Springfield requests that the Court quash the subpoena because it requires disclosure of documents more than 100 miles from where Bank of Springfield is located and regularly transacts business. Bank of Springfield further requests that the

Court quash the subpoena because the subpoena is unduly burdensome. Bank of Springfield points out that the dispute between Plaintiff and Defendant is based on an employment dispute, such that the results of Bank of Springfield's testing and the documents related to such testing are likely not relevant to Plaintiff's cause of action.

### III. ANALYSIS

A party can subpoena a third party to produce materials pursuant to Federal Rule of Civil Procedure 45. The subpoena must issue from the court where the action is pending. Fed. R. Civ. P. 45(a)(2). Rule 45(c)(2) provides that the place of compliance for the production of documents must be "at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person[.]" Fed. R. Civ. P. 45(c)(2).

On timely motion,[1] the court in the district where compliance is required must quash or modify a subpoena under several

---

[1] Although Rule 45 does not define when a motion is "timely," courts have held that the motion must be filed at or before the time of compliance. See Woodard v. Victory Records, Inc., No. 14 CV 1887, 2014 WL 2118799, at *4 (N.D. Ill. May 21, 2014). The subpoena demanded compliance on May 19, 2017 at 3:00 p.m. The Motion was physically file-stamped on May 17, 2017 and docketed May 19, 2017 at 10:26 a.m. See Mot. at 1 (d/e 1). Under either date, the Motion was timely.

circumstances, including where the subpoena (1) requires a person to comply beyond the geographical limits specified in Rule 45(c) or (2) otherwise subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(A)(ii),(iv). The party seeking to quash a subpoena bears the burden of demonstrating that the requirements of Rule 45(d)(3) are met. Malibu Media, LLC v. John Does 1-6, 291 F.R.D. 191, 196 (N.D. Ill. 2013). Whether to quash a subpoena is within the court's discretion. Citizens for Appropriate Rural Rds. v. Foxx, 815 F.3d 1068, 1081 (7th Cir. 2016) (finding the district court did not abuse its discretion when the court determined that the subpoenas imposed an undue burden and quashed the subpoenas).

The court with jurisdiction to modify or quash a subpoena is the court for the district "where compliance is required." Agincourt Gaming, LLC v. Zynga, Inc., No. 2:14-cv-0708-RFB-NJK, 2014 WL 4079555, at *3 (D. Nev. Aug. 15, 2014) (a court lacks jurisdiction to resolve a motion to quash if the court is not the court for the district "where compliance is required"). The definition of the phrase "where compliance is required" is unclear. See Ello v. Brinton, No. 2:14-CV-299-TLS-JEM, 2017 WL 56316, at *5 (N.D. Ind. Jan. 5, 2017) ("The authority defining the place of compliance

is mixed."). Some courts hold that the place where compliance is required is the location identified on the subpoena. See Semex Alliance v. Elite Dairy Genomics, LLC, No. 3:14-cv-87, 2014 WL 1576917, at *1 (S.D. Ohio, Apr. 17, 2014) (finding the subpoena commanded compliance in Chicago, Illinois, and that the U.S. District Court for the Northern District of Illinois was the court for the district where compliance was required); U.S. Risk Ins. Grp., Inc. v. U.S. Risk Mgmt., LLC, No. 3:11-cv-2843-M-BN, 2014 WL 4055372, at *1 (N.D. Tex. Aug. 15, 2014) (finding that the subpoena commanded the witness to produce documents in Dallas, Texas, and, therefore, the motion to compel was properly filed in the Texas district court). Other courts have held that the place where compliance is required depends on where the recipient resides or works. See Agincourt, 2014 WL 4079555, at *4 ("Rule 45 makes clear that the place of compliance is tethered to the location of the subpoenaed person" but involving a situation where the individuals lived and were employed in the same district where the subpoena commanded production); XTO Energy, Inc. v. ATD, LLC, No. 14-1021 JB/SCY, 2016 WL 1730171, at *20 (D.N.M. Apr. 1, 2016) (noting that "revised rule 45(d)(3) provides that motions to

quash or enforce a subpoena can be brought in the district where compliance is required—i.e., the district in which the subpoena's recipient resides or works").

In light of the purposes behind Rule 45, the Court finds that the better approach is to tie the place of compliance to the location of the subpoenaed person or entity.  The Advisory Committee Notes for the 2013 amendments suggest that part of the reason for the amendments was to protect nonparties:

> To protect local nonparties, local resolution of disputes about subpoenas is assured by the limitations of Rule 45(c) and the requirements in Rules 45(d) and (e) that the motions be made in the court in which compliance is required under Rule 45(c).

Fed. R. Civ. P. 45, Advisory Committee Notes, 2013 Amendment (pertaining to subdivision (f), the transfer of a subpoena-related motion).  The purpose of protecting nonparties is defeated if a party could demand compliance in a location more than 100 miles from where the nonparty resides, is employed, or regularly transacts business in person and still require the nonparty to adjudicate a dispute over that subpoena in a distant forum.  And the phrase, "the court in which compliance is required under Rule 45(c)" contained in the Advisory Committee Notes also supports

this interpretation. Rule 45(c) requires that the subpoena command production within 100 miles of where the person resides, is employed, or regularly transacts business in person. Therefore, the court in which compliance is required under Rule 45(c) is the court in the district within 100 miles of where the subpoenaed person resides, is employed, or regularly transacts business in person.

In this case, the place of compliance as required by Rule 45(c) is a location within 100 miles of where Bank of Springfield is located or regularly transacts business. Bank of Springfield asserts—and Plaintiff has not disputed—that it is located and regularly transacts business in Springfield, Illinois, and is not located within and does not regularly transact business within 100 miles of Madison, Wisconsin. The Court notes that Bank of Springfield also has branches in Jacksonville, Illinois; Chatham, Illinois; Quincy, Illinois; Swansea, Illinois; Shiloh, Illinois; Staunton, Illinois; Glen Carbon, Illinois; and St. Louis, Missouri,[2] but none of these locations is within 100 miles of Madison,

---

[2] All of these cites, with the exception of Quincy, Illinois, are within 100 miles of Springfield, Illinois. Quincy, Illinois, is approximately 111 miles from Springfield and approximately 319 miles from Madison, Wisconsin.

Wisconsin. See https://www.bankwithbos.com/locations.php (last visited June 6, 2017); see also Westmore Equities, LLC v. Vill. of Coulterville, No. 3:15-cv-241-MJR-DGW, 2016 WL 695896, at *2 (S.D. Ill. Feb. 22, 2016) (considering all of the bank's branches and determining that the bank regularly transacted business within 100 miles of Springfield, Illinois, and, therefore, the subpoena demanding production in Springfield was valid).

Bank of Springfield has shown that it is located in and regularly transacts business in Springfield, Illinois. Therefore, this Court is the court for the district in which compliance is required under Rule 45(c)(2)(A). Consequently, this Court has jurisdiction to rule on the Motion to Quash. Because the subpoena compels compliance in a location that is not within 100 miles of where Bank of Springfield is located or transacts business, the subpoena must be quashed or modified.

The Court finds that quashing, as opposed to modifying, the subpoena is appropriate here because the subpoena also imposes an undue burden. When determining whether a subpoena subjects a person to an undue burden, the Court balances the burden of compliance against the benefits of the requested

production.  See Elliott v. Superior Pool Prods., LLC, No. 15-cv-1126, 2015 WL 5853189, at *2 (C.D. Ill. Oct. 7, 2015).  Relevant factors include whether the recipient of the subpoena is a nonparty, the relevance of the discovery sought, the subpoenaing party's need for the discovery, the breadth of the request, and the burden on the subpoenaed party.  See Uppal v. Rosalind Franklin Univ. of Medicine & Science, 124 F. Supp. 3d 811, 813 (N.D. Ill. 2015); Thayer v. Chiczewski, 257 F.R.D. 466, 469 (N.D. Ill. 2009).  Bank of Springfield has the burden of demonstrating undue burden.  Malibu Media, LLC v. Reynolds, No. 12 C 6672, 2013 WL 870618, at *5 (N.D. Ill. Mar. 7, 2013).

Bank of Springfield has met its burden here.  Bank of Springfield is a non-party.  The subpoena requests every document relating to Bank of Springfield's relationship with Brier & Thorn without any limitation on time or scope and without any reference to the subject matter of Plaintiff's lawsuit.  In addition, as Bank of Springfield indicates, the subpoena request would require the production of purportedly confidential information relating to Brier & Thorn's testing of Bank of Springfield's servers and network,

including the results of such testing and the identification of any security concerns or threats found.

The dispute between Plaintiff and Brier & Thorn is based on an employment dispute. Plaintiff asserts that Brier & Thorn terminated Plaintiff because of his Christian beliefs. As Plaintiff has not responded to the Motion, the Court has no information on which to find that the documents Plaintiff seeks from Bank of Springfield have any relevance to Plaintiff's lawsuit. The current subpoena requests sensitive and possibly confidential information without any limitation on time or scope, making such request overly broad and burdensome to Bank of Springfield. The Court must quash or modify a subpoena that subjects a person to undue burden. See Fed. R. Civ. P. 45(d)(3)(A)(iv) (providing that the court where compliance is required must quash or modify a subpoena that subjects a person to undue burden). The Court finds quashing the subpoena appropriate here, particularly in light of the fact that Plaintiff failed to respond to the Motion and is deemed to have no opposition to the Motion.

## IV. CONCLUSION

For the reasons stated, the Motion to Quash (d/e 1) is GRANTED. The subpoena served on Bank of Springfield by Plaintiff Matthew Raap is QUASHED.

**ENTER: June 7, 2017**

**FOR THE COURT:**

    *s/Sue E. Myerscough*
**SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE**